United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-4287

United States of America,            *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   District of Nebraska.
Kirsten Meyer,                       *        [UNPUBLISHED]
                                     *
            Appellant.               *

_____

Submitted:  March 12, 1998

Filed:  March 19, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

Kirsten Meyer appeals the 9-month sentence imposed by the district court[1] after she pleaded guilty to conspiring to use counterfeit access card devices, in violation of 18 U.S.C. §§ 371 and 1029(a)(1).  We affirm.

---

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

For reversal, Meyer first argues that the district court erred in assessing two criminal history points pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(d) (1997) because she committed the instant offense while under a three-year sentence of probation for a prior conviction of driving under the influence (DUI). Specifically, Meyer contends that she received a three-month sentence for the DUI conviction and thus was not serving the sentence when she committed the instant offense.

We conclude that the district court did not err in assessing the two criminal history points. At sentencing, the government introduced a certified copy of the probation order showing the term was three years, and Meyer's petition to enter a guilty plea to the DUI charge, in which she acknowledged that she had been promised three years probation. See United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997) (district court's interpretation of Guidelines is reviewed de novo and its factual findings reviewed for clear error); United States v. Khang, 904 F.2d 1219, 1222 (8th Cir. 1990) (government bears burden to establish facts justifying enhancement); cf. United States v. Abanatha, 999 F.2d 1246, 1250-51 (8th Cir. 1993) (court did not clearly err in enhancing criminal history because defendant was on probation when instant offense was committed based on certified copy of conviction which showed defendant had been placed on probation for 5 years introduced by government, even though defendant's mother testified defendant's probation had been reduced to 3 years), cert. denied, 511 U.S. 1035 (1994).

Meyer also argues that the district court erred in failing to depart further than it did after granting the government's downward-departure motion. We decline to review this challenge, see United States v. McCarthy, 97 F.3d 1562, 1577 (8th Cir. 1996) (extent of downward departure is unreviewable), cert. denied, 117 S. Ct. 1011 and 1284 (1997), and we note Meyer's argument that she should have received the same sentence as her co-defendant is not persuasive, see United States v. Womack, 985 F.2d 395, 400 (8th Cir.) (shorter sentence of co-defendant is not basis to invalidate sentence

of defendant; claim that district court erred in failing to depart to degree it did in co-defendant's case is just another way of raising issue of extent of departure), <u>cert. denied</u>, 510 U.S. 902 (1993).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.